L. CHARLES WRIGHT, Retired Appellate Judge.
In September 1991 Valley Equipment, Inc., procured from the Institute of London *1001 Companies (The Companies) physical damage insurance for two trucks. The policy of insurance was issued through Ebco General Agency, The Companies’ managing agent for the United States.
Valley Equipment financed the premium by entering into a “Premium Finance Agreement” with GULFinance. The agreement between Valley Equipment and GULFinance contained a power of attorney, enabling GULFinance to cancel the policy. The agreement provided the following:
“CANCELLATION: (1) I understand that if I fail to pay one of the installment payments to the company on time, the entire amount I then owe automatically becomes due and all my insurance policies may be cancelled. (2) If my insurance is cancelled, I understand that any money not needed to repay this amount will be refunded to me. (3) I give the company full authority to act for me and do all things necessary to cancel the insurance policies and to demand, collect, sue for, receive and receipt any premiums, dividends or other recoverable amounts due upon cancellation.”
GULFinance sent notices of “Intent to Cancel” to Valley Equipment in November and December 1991. On both occasions the delinquencies were cured by payment, and the policy remained in full force and effect.
When the monthly premium for January 1992 was not paid, GULFinance wrote to Ebco and requested that the policy be can-celled due to nonpayment. The letter was dated January 31, 1992. GULFinance did not send a notice to Valley Equipment. On February 4, 1992, Ebco sent a notice of cancellation to Valley Equipment. The notice of cancellation was not received by Valley Equipment. The notice was not returned to Ebco as undelivered, and Ebco was not notified that the notice had not been delivered as addressed.
One of Valley Equipment’s trucks was stolen on February 18, 1992. In May 1992 Valley Equipment filed a claim for the truck. The claim was denied, based upon the prior cancellation of the insurance policy. Valley Equipment filed suit to recover under the policy. GULFinance was subsequently dismissed from the case. The Companies and Valley Equipment filed cross-motions for summary judgment. The trial court granted the motion for summary judgment in favor of Valley Equipment. The Companies appealed.
The parties agree that the facts are undisputed. The dispositive issue is whether the insurance policy was validly cancelled at the time of the loss.
Section 27-40-11, Code 1975, provides the “Procedure for cancellation of insurance contract upon default.” That section provides the following:
“(a) When a premium finance agreement contains a power of attorney enabling the premium finance company to cancel any insurance contract or contracts listed in the agreement, the insurance contract or contracts shall not be cancelled by the premium finance company unless such cancellation is effectuated in accordance with this section.
“(b) Not less than 10-day written notice shall be mailed to the insured, at his last known address as shown on the records of the premium finance company, of the intent of the premium finance company to cancel the insurance contract unless the default is cured within such 10-day period.
“(c) After the notice in subsection (b) of this section has expired, the premium service company may thereafter request, in the name of the insured, cancellation of such insurance contract by mailing to the insurer a notice of cancellation, and the insurance contract shall be cancelled as if such notice of cancellation had been submitted by the insured himself, but without requiring the return of the insurance contract. The premium service company shall also mail a notice of cancellation to the insured at his last address as set forth in its records, and such mailing shall constitute sufficient proof of delivery.”
The Companies’ position at trial was that the policy was properly cancelled under the provisions of § 27-40-11. GULFinance had a power of attorney from Valley Equipment pursuant to the premium finance agreement, which gave GULFinance the right and au *1002 thority to cancel the insurance policy if Valley Equipment failed to make payments under the agreement. The Companies, through Ebco, received a request from GULFinance to cancel Valley Equipment’s policy for nonpayment. Ebco mailed the notice of cancellation to Valley Equipment prior to the alleged date of loss. The Companies insists that because there was no valid insurance policy in effect on the alleged date of loss, summary judgment should have been entered in its favor.
Valley Equipment’s position at trial was that The Companies and GULFinance did not adhere to the mandates of § 27-40-11. It insists that it did not receive proper notice from GULFinance under § 27-40-ll(b). It contends that such deficiency made the notice from The Companies under § 27-40-11(c) improper.
In granting the motion for summary judgment in favor of Valley Equipment, the trial court made the following finding:
“Chapter 40 of Title 27, Code of Alabama, is the governing statute controlling the issue at hand. Specifically, § 27-40-11 deals exclusively with the procedure by which a premium finance company may cancel an insurance contract when the premium finance agreement contains a power of attorney enabling the premium finance company to cancel the insurance contract. In order to cancel the policy issued to Valley Equipment, Inc., GULFinance was required to follow the mandated procedures of § 27-40-11. The court finds that GULFinance failed to comply with the statutory procedures set forth in § 27-40-11(c) and that the policy of insurance was not validly cancelled prior to the loss suffered by the insured, Valley Equipment, Inc.
“It is clear that GULFinance initiated the invalid cancellation of the insurance policy by letter dated January 31, 1992. As previously stated, in that letter GULFi-nance directed Ebco to issue a notice of cancellation. GULFinance then informed Ebco that ‘We didn’t send notice to the insured or the lienholder(s) due to the fact that notices of cancellation must be issued by your company.’ Such is directly contrary to the provisions of § 27-40-ll(c) which clearly requires that the premium finance company ‘shall also mail a notice of cancellation to the insured at his last address.’ GULFinance failed to comply with the mandates of § 27-40-ll(c). Having failed to correctly cancel the policy issued to Valley Equipment, Inc., the coverage provided by the policy extends to the loss suffered by Valley Equipment, Inc., on February 18, 1992.”
We hold that GULFinance’s failure to mail Valley Equipment a notice of intent to cancel, as provided by § 27-40-ll(b), rendered ineffective the subsequent notice of cancellation mailed by Ebco under the provisions of § 27-40-ll(e). Therefore, Valley Equipment’s policy was in effect at the time that the February 18, 1992, loss was sustained. Consequently, the trial court properly granted the motion for summary judgment in favor of Valley Equipment. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.